**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MELISSA MAE SMITH,

     Plaintiff,

v.                                                                                  No. 1:26-cv-01615-SCY

GEORGE CHANDLER,
MICHAEL HARTLEY,
DARRELL JANE and
ROSEANN CUMMUNEZ,

     Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER TO SHOW CAUSE**

This matter comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed May 19, 2026 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 19, 2026 ("Application")

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended

for the benefit of those too poor to pay or give security for costs . . . .” *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be “absolutely destitute,” “an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life.” *Id.* at 339.

The Court grants Plaintiff’s Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and stated that: (i) her average monthly income amount during the past 12 months is $1,008.00; (ii) Plaintiff’s average monthly expenses total $1,613.00; and (iii) Plaintiff has no cash and no funds in bank accounts. Thus, the Court finds that Plaintiff is unable to pay the costs of this proceeding because her monthly expenses exceed her income.

### Order to Show Cause

This case arises from arises from Plaintiff’s attempt to get a patent resolved. Complaint at 2. Plaintiff also asserts a slander claim. *See* Complaint at 4. Plaintiff seeks compensatory damages stating “my patent is stil[l] very valuable and I rec[ei]ve nothing for my invention.” Complaint at 5.

The Court has identified several deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: “Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause”) (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, the Complaint does not allege facts supporting the Court's jurisdiction over this case. As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988).

The Complaint does not properly allege that the Court has federal question jurisdiction over this case. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff alleges that a patent was not properly resolved but does not cite any federal law under which her claim arises.

Furthermore, if Plaintiff's claims arise under a federal law, this Court must have jurisdiction to hear those claims pursuant to that federal law. Plaintiff previously filed a case apparently arising out of a patent dispute. *See Smith v. Vu*, No. 2:18-cv-00662-SMV-CG (D.N.M.) ("*Smith I*"). United States Magistrate Judge Stephan M. Vidmar, presiding by consent, dismissed the case for lack of jurisdiction stating, "Jurisdiction over Plaintiff's patent claims lies with the Patent Trial and Appeal Board, 35 U.S.C. § 134(a), whose decisions may be appealed

3

exclusively to the District courts for the Federal Circuit and the Eastern District of Virginia, 35 U.S.C. §§ 141(a), 145." Doc. 13 at 1, filed August 17, 2018, in *Smith I*.

Neither does the Complaint properly allege that the Court has diversity jurisdiction over this case. *See* 28 U.S.C. 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different states"). To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). There is no diversity jurisdiction because the Complaint indicates that Plaintiff and one of the Defendants are citizens of New Mexico. *See* Complaint at 1.

Second, the Complaint fails to state plausible claims due to the vague and conclusory nature of the factual allegations. "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). The Complaint alleges that Defendants treated Plaintiff unfairly, blocked Plaintiff from being heard, and slandered Plaintiff but does not clearly explain what each Defendant did to Plaintiff.

Given these deficiencies, the Court orders Plaintiff to show cause why the Court should not dismiss this case.[1] If Plaintiff agrees with the Court's analysis regarding these deficiencies in her Complaint, rather than show cause, she may amend her Complaint. The amended complaint must identify all the federal and state proceedings dealing with the same facts involved in this case including the case number, the federal and state agency or court where the proceedings occurred, and whether each proceeding is ongoing. The amended complaint also must comply with the Federal and Local Rules of Civil Procedure.

### Service

Plaintiff is proceeding in forma pauperis pursuant to 42 U.S.C. § 1915 which provides that "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3) ("The court must [] order" "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915"). The Court will not order service at this time because the Court is ordering Plaintiff to show cause or file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

### Case Management

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the

---

[1] To the extent Plaintiff is attempting to assert federal law claims, the Court notifies Plaintiff that if the Court dismisses such federal law claims, the Court may decline to exercise supplemental jurisdiction over any state law claims and dismiss this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

*Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

## Compliance with Rule 11

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS THEREFORE ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 19, 2026, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case or (b) file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**

7