IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA MAE SMITH,

      Plaintiff,

v.                                                                      No. 1:26-cv-01615-SMD-SCY

GEORGE CHANDLER,
PAT RALSTON,
PAUL MARTIN,
JODIE YARBOROUGH and
DOES 1-10,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises from *pro se* Plaintiff's attempt to get a patent resolved. *See* Civil Rights

Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed May 19, 2026 ("Complaint").   Plaintiff

also asserted a slander claim. *See* Complaint at 4.  Plaintiff sought compensatory damages stating

"my patent is stil[l] very valuable and I rec[ei]ve nothing for my invention."  Complaint at 5.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff of two deficiencies

with the Complaint the first being that:

> The Complaint does not properly allege that the Court has federal question jurisdiction over this case. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff alleges that a patent was not properly resolved but does not cite any federal law under which her claim arises.

> Furthermore, if Plaintiff's claims arise under a federal law, this Court must have jurisdiction to hear those claims pursuant to that federal law. Plaintiff previously filed a case apparently arising out of a patent dispute. *See Smith v. Vu*, No. 2:18-cv-

00662-SMV-CG (D.N.M.) ("*Smith I*"). United States Magistrate Judge Stephan M. Vidmar, presiding by consent, dismissed the case for lack of jurisdiction stating, "Jurisdiction over Plaintiff's patent claims lies with the Patent Trial and Appeal Board, 35 U.S.C. § 134(a), whose decisions may be appealed exclusively to the District courts for the Federal Circuit and the Eastern District of Virginia, 35 U.S.C. §§ 141(a), 145." Doc. 13 at 1, filed August 17, 2018, in *Smith I*.

Neither does the Complaint properly allege that the Court has diversity jurisdiction over this case. *See* 28 U.S.C. 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different states"). To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). There is no diversity jurisdiction because the Complaint indicates that Plaintiff and one of the Defendants are citizens of New Mexico. *See* Complaint at 1.

Order to Show Cause at 3-4, Doc. 4, filed May 22, 2026. Second, Judge Yarbrough notified Plaintiff that the Complaint failed to state plausible claims because it does not clearly explain what each Defendant did to Plaintiff. *See* Order to Show Cause at 4. Judge Yarbrough ordered Plaintiff to either show cause why the Court should not dismiss this case based on those deficiencies or file an amended complaint. *See* Order to Show Cause at 5, 7.

Plaintiff filed a Response Opposing Dismissal which includes a one-page statement "provid[ing] all parties involved with the reasons my case should not be dismissed" and 75 pages of attachments. *See* Doc. 6, filed June 3, 2026 ("Response").

Judge Yarbrough notified Plaintiff:

Plaintiff's Response fails to show that the Court has jurisdiction over this matter. Plaintiff states that her "claims have merit and should be decided on the merits rather than dismissed on procedural grounds." Response at 1. Plaintiff's failure to demonstrate jurisdiction is not a procedural matter that the Court may disregard. "The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "It is to be presumed

> that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

Order for Amended Complaint at 2, Doc. 7, filed June 10, 2026 (also notifying Plaintiff that the Response also fails to show why the Court should not dismiss this case for failure to state a claim because although Plaintiff's Statement attached to the Response provides additional facts, those additional facts are not contained in the Complaint).  Judge Yarbrough ordered Plaintiff to file an amended complaint and stated:

> The amended complaint must contain allegations supporting jurisdiction and clearly explaining what each Defendant did to Plaintiff. *See Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

Order for Amended Complaint at 3.

The Amended Complaint alleges that Defendants Chandler, Ralston and Martin assisted Plaintiff with a patent application and that Defendant Yarborough, who was employed by Plaintiff, obtained and used Plaintiff's proprietary information without Plaintiff's authorization.  *See* Amended Complaint at 2-4, Doc. 8, filed June 25, 2026.  Plaintiff asserts claims for "Unauthorized Use or Disclosure of Plaintiff's Proprietary Information" and "Unjust Enrichment."  Amended Complaint at 3.  Plaintiff seeks unspecified amounts of compensatory and punitive damages.  *See* Amended Complaint at 3.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

3

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988).

The Amended Complaint does not properly allege that the Court has federal question jurisdiction over this case.   *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").   The Amended Complaint does not identify any federal statutory or constitutional provision under which Plaintiff's claims arise.   Plaintiff states "Defendants obtained access to Plaintiff's proprietary information through the patent application process and through Plaintiff's employment relationship with Defendant Yarborough" and that her patent "application did not mature into an issued United States patent" but does not allege that her claims arise from any federal patent law provision.   Amended Complaint at 2-3.

The Amended Complaint does not properly allege that the Court has diversity jurisdiction over this case.   *See* 28 U.S.C. 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different states").   To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."  *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).   "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."  *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).   The Amended Complaint fails to show there is diversity jurisdiction because there are no allegations regarding the citizenship/residency of Defendants.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

4

jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**UNITED STATES DISTRICT JUDGE**