**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MELISSA MAE SMITH,

Plaintiff,

v. No. 1:26-cv-01615-SMD-SCY

GEORGE CHANDLER,
PAT RALSTON,
PAUL MARTIN,
JODIE YARBOROUGH and
DOES 1-10,

Defendants.

**ORDER DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

This case arose during *pro se* Plaintiff's attempt to get a patent resolved. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed May 19, 2026 ("Complaint").

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff that the Complaint does not properly allege the Court has federal question or diversity jurisdiction and ordered Plaintiff to either show cause why the Court should not dismiss this case or file an amended complaint. *See* Order to Show Cause at 3-5, 7, Doc. 4, filed May 22, 2026.

Plaintiff filed a Response Opposing Dismissal stating her "claims have merit and should be decided on the merits rather than dismissed on procedural grounds." *See* Doc. 6, filed June 3, 2026 ("Response"). Plaintiff did not file an amended complaint.

Judge Yarbrough notified Plaintiff that "Plaintiff's failure to demonstrate jurisdiction is not a procedural matter that the Court may disregard" and her Response fails to show that the Court has jurisdiction over this matter, and ordered Plaintiff to file an amended complaint. Order for Amended Complaint at 2, Doc. 7, filed June 10, 2026 (notifying Plaintiff the amended complaint

must identify the statutory or constitutional provision under which Plaintiff's claims arise and must allege sufficient facts to show that this case arises under federal law).

Plaintiff filed an Amended Complaint alleging that Defendants Chandler, Ralston and Martin assisted Plaintiff with a patent application and that Defendant Yarborough, who was employed by Plaintiff, obtained and used Plaintiff's proprietary information without Plaintiff's authorization. *See* Amended Complaint at 2-4, Doc. 8, filed June 25, 2026. Plaintiff asserted claims for "Unauthorized Use or Disclosure of Plaintiff's Proprietary Information" and "Unjust Enrichment." Amended Complaint at 3.

The Court dismissed this case for lack of jurisdiction because the Amended Complaint failed to show that there is: (i) federal question jurisdiction because it does not identify any federal statutory or constitutional provision under which Plaintiff's claims arise; or (ii) diversity jurisdiction because there are no allegations regarding the citizenship/residency of Defendants. *See* Order of Dismissal at 4, Doc. 10, filed July 2, 2026.

Plaintiff filed a Motion to Proceed In Forma Pauperis on Appeal which is now before the Court. *See* Doc. 13, filed July 29, 2026. Plaintiff also filed a Financial Affidavit in Support of Motion to Proceed In Forma Pauperis on Appeal, Doc. 14, filed July 29, 2026, and a Notice of Appeal, Doc. 12, filed July 29, 2026. Plaintiff's Motion to proceed *in forma pauperis* on appeal and her Financial Affidavit state Plaintiff "seeks review of the Court's determination that it lacks subject-matter jurisdiction over her claims." Motion at 1; Financial Affidavit at 3. Plaintiff's Notice of Appeal does not state her issues on appeal.

"In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised

on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 Fed.Appx. 742, 743 (10th Cir. 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.*; *see also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("an appeal is frivolous if it lacks an arguable basis in either law or fact").

Plaintiff has shown a financial inability to pay the required filing fees. Plaintiff has not, however, set forth any arguments showing that the Court erred in determining the Court lacks jurisdiction over her claims. Plaintiff only states that she seeks review of the Court's determination that it lacks subject-matter jurisdiction over her claims.

The Court denies Plaintiff's request for leave to appeal *in forma pauperis* because Plaintiff has not identified "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505.

**IT IS ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis on Appeal, Doc. 13, filed July 29, 2026, is **DENIED.**

**UNITED STATES DISTRICT JUDGE**